Alice Slavin
vs.                  } No. 66634
Hellenic Baking Co.

December 13, 1928.

SUMNER, J. The plaintiff has brought suit for damages alleging negligence on the part of the defendant in allowing water to flow from its roof and accumulate on the sidewalk so that it froze and caused the plaintiff to fall. The jury returned a verdict for the plaintiff in the sum of $12,800 and the defendant has filed its motion for a new trial on the usual grounds.

The testimony for the plaintiff shows that there was a metal conductor on the side of the defendant's building, at the corner of Royal and North Main Streets, through which water passed from the roof onto the North Main Street sidewalk; that on a cold night in December, in walking on the sidewalk at this corner, the plaintiff fell on the ice formed from this water, broke her left ankle, and received internal injuries which subsequently developed into a disease of the spinal cord.

The plaintiff testified clearly as to the strip of ice upon which she fell, which had apparently formed from water passing through the conductor. She is corroborated as to the location of the ice and its cause and the place where she was picked up on the sidewalk by a Mr. Coalter and a Mrs. McDermott.

The defendant endeavored to show that the whole length of the sidewalk was icy and introduced several witnesses who testified to seeing the plaintiff after she had fallen and that she was then some distance away from the corner.

The Court believes that the plaintiff established her case by a fair preponderance of the testimony.

The defendant claims that the damages are excessive. The only apparent injury at the time was the broken bone in the ankle, which healed in a few weeks. Plaintiff was in the hospital two weeks, and about four days before her discharge a urinary weakness developed which persisted at the time of the trial. A disease of the spinal column has also appeared which has been described as combined scle-

rosis of the spinal cord, and which apparently made the patient an incurable invalid. Dr. Donley and other physicians testifying for the plaintiff gave as their opinion that the spinal disease and the incontinence of the bladder were due to the fall on the ice. Dr. Sanborn and other physicians testifying for the defendant said that in their opinion the fall on the ice did not cause the spinal disease or the incontinence.

It seems to the Court that the jury were justified in accepting the theory of Dr. Donley and his associates as to the cause of plaintiff's troubles.

At the time of the trial the patient was very ill in bed. Dr. Sanborn, a witness for the defendant, who examined her then, said that she was "in a state of general depression and weakness and feebleness; that she was suffering no acute pain, but was very pale, had lost a great deal of flesh and was rather uncomfortable." Her arms and legs were weak, she staggered when she walked, and she occasionally suffered from vomiting, which at times had been acute and lasted for months. She also had some incontinence of the bowels.

The plaintiff was earning $15 a week at the time of the accident. She had apparently become an incurable invalid; her earnings had ceased; she was about 35 years of age and was facing a life of helplessness and hopelessness, with a liability of the recurrence from time to time of her very disagreeable symptoms. She would need a constant expenditure for alcohol baths, for the attendance of a physician, for the purchase of medicines, and eventually for the continuous services of a nurse. Under these conditions the amount of the verdict does not seem excessive.

The plaintiff died some three weeks after the trial and an administrator of her estate was appointed who was subsequently given permission by a justice of this Court to prosecute this cause to final judgment. The defendant in his brief claimed that the death certificate showed that the plaintiff had died from combined sclerosis of the spinal cord, which disease figures largely in the claim for damages. He urges that, consequently, this particular action does not survive but should be merged in a suit based upon the death of the plaintiff.

This Court has before it no evidence upon which to determine the cause of the death of the plaintiff and does not see how it can give consideration to this claim on the motion for a new trial.

Defendant's motion for a new trial is denied.

For plaintiff: Walling & Walling.

For defendant: McGovern & Slattery.